UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00053-TBR

CHRISTOPHER S. KELTER                                                                                Plaintiff,

v.

WASP, INC., WATKINS AIRCRAFT
SUPPORT PRODUCTS, CONKEN
SYSTEMS, INC., DESIGNED
CONVEYOR SYSTEMS, INC., GEMS
CONVEYOR INSTALLATIONS, INC.,
and AUTOMATED MOTOR CONTROL
SYSTEMS, INC.                                                                                         Defendants.

**MEMORANDUM OPINION**

This matter is before the Court upon Defendant GEMS Conveyor Installations, Inc.'s ("GEMS") Motion for Partial Summary Judgment against Cross-Claimant Conken Systems, Inc. ("Conken") and Motion for Summary Judgment Against Plaintiff Christopher S. Kelter (Docket No. 65). Kelter has responded (Docket No. 66) and GEMS has replied (Docket No. 70). Conken has also responded (Docket No. 71). These matters are now ripe for adjudication.

Having reviewed the parties' submissions and being otherwise sufficiently advised, for the reasons that follow, GEMS's Motion for Summary Judgment is GRANTED. An appropriate order will issue separately.

1

**BACKGROUND**

Plaintiff Christopher S. Kelter worked as a handler at a FedEx Ground Package System, Inc. ("FedEx Ground") facility in Paducah, Kentucky. Conken manufactured the facility's conveyor system, utilizing parts and services from GEMS; Designed Conveyor Systems, Inc.; Automated Motor Control Systems; and WASP, Inc. On April 7, 2011, as Kelter tried to clear an obstruction on a moving conveyor belt, his arm was pinned between two rollers. As a result of this accident, he suffered a traumatic amputation of his right arm. Kelter alleges that the parties listed above were collectively negligent in designing, manufacturing, and installing the conveyor system used at the FedEx facility. He also brings claims against these defendants for failure to warn, breach of warranty, and negligence per se. Kelter now seeks compensatory and punitive damages for his injuries.

On March 2, Kelter filed his original Complaint in McCracken Circuit Court, naming WASP, Inc. and Watkins Aircraft Support Products ("WASP") as defendants. (Docket No. 1-1.) On April 2, 2011, Kelter added Conken Systems, Inc. as an additional Defendant in his First Amended Complaint. (Docket No. 6.) On the same day, WASP, Inc. removed the action to this Court pursuant to 28 U.S.C. § 1446. (Docket No. 1.) On July 31, 2012, Kelter filed a Second Amended Complaint, adding Designed Conveyor Systems, Inc. ("Designed Conveyor"), GEMS, and Automated Motor Control Systems, Inc. as defendants. (Docket No. 24.)

Kelter alleges that GEMS "fabricated, worked on, and installed the Material Handling Sortation System" that caused his injuries. (Docket No. 24 at 3.) GEMS admits that it contracted with Conken Systems and installed the conveyor systems parts involved in this accident. (Docket No. 38, ¶ 3; Docket No. 65-3, ¶ 3; Docket No. 65-4, Interrogatory No. 5.)

However, GEMS alleges that Designed Conveyor designed and manufactured the parts at issue. (Docket No. 65-1 at 3.)

On August 21, 2012, a summons was issued against GEMS. GEMS was then served on September 18, 2012. In the instant motion, GEMS moves for the dismissal of Kelter's claims against it as either untimely or otherwise barred as a matter of Kentucky law.

Additionally, Defendant Conken has asserted cross-claims for indemnity and contribution against GEMS, Designed Conveyor, and Automated Motor. GEMS argues that Conken's cross-claim for contribution against it must be dismissed under Kentucky's comparative fault regime.

**STANDARD**

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment:

"[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).

Finally, while the substantive law of Kentucky applies to this case pursuant to *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies the standards of Federal Rule of Procedure 56, not Kentucky's summary judgment standard as articulated in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991). *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993), abrogated on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

## DISCUSSION

**1. Because the statute of limitations has not been tolled, Kelter's action against GEMS is time-barred by the one-year limitation period.**

GEMS argues that Kelter's action must be dismissed, as Kentucky's one-year statute of limitations bars his personal injury claim. Having considered the parties' arguments and reviewed the relevant caselaw, the Court agrees. "Limitations statutes are by nature arbitrary and so sometimes seem to operate harshly. This harshness, of course, does not authorize courts to disregard the strict duties such statutes impose. On the contrary, the statutory duty to develop and file one's case diligently has been interpreted as an absolute except in the most compelling of circumstances." *Reese v. Gen. Am. Door Co.*, 6 S.W.3d 380, 383 (Ky. App. 1998).

Ky. Rev. Stat. § 413.140(1)(a) requires potential plaintiffs to commence personal injury actions within one year after the cause of action accrued. Generally, then, a personal injury

plaintiff must file suit within one year of his alleged injury. *Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 406 (6th Cir. 2002) (citing *Caudill v. Arnett*, 481 S.W.2d 668, 669 (Ky. 1972)). An action is "commenced" when a complaint is filed and summons is issued. Ky. Rev. Stat. § 413.250 ("An action shall be deemed to commence on the date of the first summons or process issued . . . ."). "[T]he statute of limitations runs until a summons is actually issued." *Steadman v. Gentry*, 314 S.W.3d 760, 762 (Ky. App. 2010) (quoting *Simpson v. Antrobus*, 86 S.W.2d 544, 546 (Ky. 1935)).

Because Kelter's injury accrued on April 7, 2011, he had until April 7, 2012 to commence his claim against GEMS. However, he failed to add GEMS as a defendant until July 31, 2012, in his Second Amended Complaint. Furthermore, no summons was issued against GEMS until August 21, 2012. Consequently, Kelter's claims against GEMS are time-barred and must be dismissed.

Kentucky law recognizes limited bases upon which the statute of limitations may be tolled. The discovery rule provides that a cause of action accrues only when the injury is, or should have been, discovered. *McLain v. Dana Corp.*, 16 S.W. 320, 326 (1999). However, "the discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries. A person who has knowledge of an injury is put on 'notice to investigate' and discover, within the statutory time constraints, the identity of the tortfeasor." *Id.*

Kelter argues that his attempt to discover the identity of potential tortfeasors within the statutory time constraints satisfies his duty of "reasonable diligence." He analogizes his dilemma

5

to fraudulent concealment and misrepresentation, which toll the statute of limitations. However, as Kelter acknowledges, he cannot adequately plead the elements of such a claim. "Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire and Rubebr Co.*, 523 F.2d 389, 394 (6th Cir. 1975).

The defendants' unwillingness to voluntarily provide GEMS's identity to Kelter does not constitute the affirmative concealment required. "With regard to the 'wrongful concealment' element the plaintiff must point to 'affirmative acts of concealment.' . . . '[M]ere silence of unwillingness to divulge wrongful activities is not sufficient.' Instead, there must be some 'trick or contrivance intended to exclude suspicion and prevent inquiry.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 446-47 (6th Cir. 2012) (citations omitted).

Furthermore, the discovery rule focuses on whether a plaintiff "acquired knowledge of existing facts sufficient to put the party on inquiry." *Blanton v. Cooper Industries, Inc.*, 99 F. Supp. 2d 797, 802 (E.D. Ky. 2000). Plaintiffs must exercise "reasonable diligence" in obtaining such knowledge. Although this term has not been defined with specificity, courts have interpreted it to mean "a degree between absolute inaction and an extreme effort undertaken against apparent futility[;] it must be more than merely perfunctory." *Id.* (quoting *Gray v. Sawyer*, 247 S.W.2d 496, 498 (Ky. 1952). "One court applying Kentucky law has noted that '[a]ny fact that should excite his suspicion is the same as actual knowledge of his entire claim . . . [and] the means of knowledge are the same thing in effect as knowledge itself.'" *Blanton*, 99 F.

Supp. 2d (quoting *Hazel v. Gen. Motors Corp.*, 863 F. Supp. 435, 440 (W.D. Ky. 1994) (citations omitted)).

The discovery rule does not save Kelter's claims against GEMS. His injury on April 7, 2011 triggered his obligation to investigate within the one-year limitations period how and by whom he was injured. Kelter contends that although he contacted the FedEx legal department to ascertain the parties involved in implementing the conveyor system, his faxes were ignored. (Docket No. 66 at 5.) Neither did the state's OSHA investigation or administrative action reveal that GEMS was the installer. (Id.) Although Kelter learned that Conken Systems and WASP, Inc. were hired to install the conveyor system, no party disclosed that Conken contracted with GEMS for the installation. However, Kelter admits that Conken's discovery responses of July 25, 2012 identified GEMS as the installer. (Docket No. 66 at 5.) Had Kelter initiated such processes earlier, GEMS's identity would have been made clear before the end of the one-year limitations period. Like the plaintiff in *Smith v. City of Akron*, 467 Fed. Appx. 67 (6th Cir. 2012), Kelter opted not to discover who to sue during the limitations period, leaving himself no time to learn of GEMS's alleged role within the prescribed period. *See id.* at 69.

## II.     The Second Amended Complaint does not relate back.

Kelter's Second Amended Complaint, which added GEMS as a defendant, does not relate back to the date of the original Complaint. Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading "relates back" to the date of a timely filed original pleading, rendering it timely although filed outside the applicable limitations period. Rule 15(c) provides that an amendment to a pleading relates back to the original pleading's date when:

> "(A) the law that provides the applicable statute of limitations allows relation back;

7

> "(B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading; or
>
> "(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> "(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Rule 15(c)(1).

Kelter's Second Amended Complaint relates back to the original Complaint if it satisfies three requirements: (1) the claims arose out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the Defendants to be added receive such notice of the claim within 120 days of the filing of the original complaint—here, by June 30, 2012[1]—such that they would not be prejudiced in defending the suit; and (3) within 120 days of the filing of the original pleading, the added defendants knew or should have known that the action would have been brought against them but for Kelter's mistake concerning the proper party's identity. *Black-Hosang v. Ohio Dep't of Pub. Safety*, 96 Fed. Appx. 372, 374-75 (6th Cir. 2004). Because the Second Amended Complaint arises out of the same occurrence as the original complaint, i.e., the FedEx accident of April 7, 2011, the first element is satisfied. However, Kelter has not satisfied the remaining two elements.

### a. GEMS lacked notice of this action prior to the end of the Rule 4(m) period.

Kelter has not established that GEMS had notice of the action during the Rule 4(m) period. "A defendant's actual knowledge of the complaint and constructive knowledge that the

---

[1] Although 120 days after the original Complaint's filing was June 30, 2012, this date fell on a Saturday. The deadline, then, would have been extended until July 2, 2012.

plaintiff made a mistake in failing to name him must occur within 120 days of the original complaint." *Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012). Kelter does not allege that GEMS received any communication concerning the FedEx facility by the end of the Rule 4(m) period on June 30, 2012. Indeed, GEMS received actual notice only when it was served with the Summons and Second Amended Complaint on September 18, 2012.

Furthermore, GEMS and Conken do not share the "identity of interest" required to facilitate constructive notice. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the ligation to the other." *Jacobson v. Osborne*, 133 F.3d 315, 320 (quoting *Kirk v. Cronvich*, 629 F.2d 404, 408 n.4 (5th Cir. 1980)). Kelter points to Sixth Circuit dicta positing that "where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice." *Berndt v. State of Tenn.*, 796 F.2d 879, 884 (6th Cir. 1986) (citing *Huron Valley Hospital, Inc. v. City of Pontiac*, 612 F. Supp. 654, 658 & n.5 (E.D. Mich. 1985)). However, a subcontractor's relationship with his principal is more attenuated than that of officers and their employers, the circumstances *Berndt* addresses. Other cases recognizing "sufficient identity of interest" have addressed parent corporations and their subsidiaries; lessees and lessors; and agents to principals. *See, e.g., Clark v. Young*, 692 S.W.2d 285 (Ky. App. 1985); *Funk v. Wagner Machinery, Inc.*, 710 S.W.2d 860 (Ky. App. 1986); *Halderman v. Sanderson Forklifts Co.*, 818 S.W.2d 270 (Ky. App. 1991)). Unlike those cases, there is no basis for the suggestion that Conken had a duty to apprise GEMS of the lawsuit, nor is there a basis for believing that preparations to defend Conken would be available and useful to GEMS. *See Reese v. Gen. Am. Door Co.*, 6 S.W.3d 380, 382 (Ky. App. 1998).

9

### b. GEMS neither knew nor should have known that this action would have been brought but for a mistake concerning its identity.

Furthermore, Kelter has not satisfied the third element, which requires that the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity" within the Rule 4(m) 120-day period. Fed R. Civ. P. 15(c)(1)(C)(ii). The Supreme Court has held that relation back under this Rule "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timelines in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485 (2010). The question, then, is not whether Kelter knew or should have known GEMS's identity as the proper defendant, but whether GEMS knew or should have known during the 120-day period that it would have been named as a defendant if not for Kelter's error. *See Krupski*, 130 S. Ct. at 2488.

Therefore, the Second Amended Complaint can relate back only if GEMS knew that it would have been sued but for a mistake—for example, an error as to its identity. No such mistake existed here; rather, Kelter simply failed to discover GEMS's identity until after the statute had run. As the Sixth Circuit has held, "a plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a mistake concerning the party's identity within the meaning of Rule 15(c)." *Bradford v. Bracken County*, 767 F. Supp. 740, 749 (E.D. Ky. 2011) (quoting *Moore v. Tenn.*, 267 Fed. Appx. 450, 455 (6th Cir. 2008) (quotations omitted). Rule 15(c) provides no protection for one who fails to discover the identity of later-named defendants during the limitations period. *See Smith v. City of Akron*, 476 Fed. Appx. 67, 69 (6th Cir. 2012) ("[Plaintiff] did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find would within the . . . limitations

period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem." (emphasis in original) (citations omitted)).

### c. Rule 15(c) cannot be used to add a new party.

The Sixth Circuit had held that "'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (quoting *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991)).

The relation-back provisions of Rule 15(c)(1)(C) permit parties to correct misnomers or misdescriptions. Kelter does not seek to correct a misnamed plaintiff or exchange one party for another. Rather, he asks the Court to allow the addition of a party after the limitations period has run. Sixth Circuit precedent does not permit such an addition. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996), *cert. denied*, 117 S. Ct. 78 (1996). Because Conken remained a party to this action when Kelter's Second Amended Complaint added GEMS as an additional defendant, Kelter's amended pleadings did more than merely change the name of a party.

Instead, the circumstances here are akin to *Boker v. Corning, Inc.*, 1997 WL 267588 (6th Cir. May 19, 1997). Boker, the plaintiff, sued the supplier of a product that injured her. After the statute of limitations period had run, she then amended her complaint to add the product's manufacturer as a defendant. Applying Kentucky law, the Sixth Circuit rejected Boker's argument that because she was unable to identify the proper defendant within the limitations period, her amended complaint was timely. The Court characterized Kentucky's discovery rule as designed only "to assist those victims who cannot readily ascertain the causal relationship between their injury and the conduct of another. It is not designed to assist those victims, such as

the Plaintiff, who can readily ascertain the causal relationship, but cannot readily ascertain the identity of the alleged tort-feasor." *Boker*, 114 F.3d (citing *Simmons v. South Cent. Skyworker's, Inc.*, 936 F.2d 268 (6th Cir. 1991) (per curiam)).

In this case, as in *Boker*, Kelter knew immediately upon suffering the accident that a casual relationship could exist between his injury and the conduct of the equipment's installer. *Boker* forbids extending the statute of limitations period to allow the plaintiff an additional opportunity to ascertain the proper party defendant.

**III.    Kelter's breach of warranty claim is dismissed.**

In his Second Amended Complaint, Kelter alleges that the defendants breached warranties as to the conveyor belt's safety, merchantability, and fitness for the purpose for which it was manufactured and for sale to the user and consumer. (Docket No. 24 at ¶ 13.)

This claim fails, however, because the conveyor belt's installation did not constitute a "transaction in goods" as required by Kentucky's Uniform Commercial Code. *See* Ky. Rev. Stat. § 355.2-102. "It is well settled that the UCC warranty provisions do not apply to contracts regarding the rendering of services, as opposed to the sales of tangible goods. *In re Air Crash at Lexington, Ky.*, 2008 WL 2945944 at *6. Where a contract's predominant characteristic is the rendering of services, the UCC's warranty provisions do not apply. *T-Birds, Inc. v. Thoroughbred Helicopter Serv. Inc.*, 540 F. Supp. 548 (E.D. Ky. 1982). Although GEMS installed the conveyor assembly, it neither sold nor manufactured the guards that Kelter alleges would have "protect[ed] the plaintiff from an amputation or crushing hazard." (Docket No. 24 at ¶ 11; Docket No. 65-4, Ans. Nos. 5 & 7.) Because GEMS did not contract for the sale of goods, the UCC cannot apply to its installation services.

**IV.     Conken System's contribution claims are dismissed.**

GEMS additionally moves for the dismissal of Conken's claims for contribution. "[T]he apportionment of causation and the requirement of several liability obviates any claim for contribution among joint tortfeasors whose respective liabilities are determined in the original action." *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 779 (Ky. 2000).

Moreover, "a joint tortfeasor cannot enforce contribution against one who could not have been sued by the injured person." *Id.* (citing *Consolidated Coach Corp. v. Burge*, 54 S.W.2d 16, 17) (Ky. 1932)). Because Kelter's action against GEMS is time-barred, Conken's cross-claim for contribution must be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment are GRANTED. An appropriate order will issue separately.


cc: Counsel