UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00053

CHRISTOPHER S. KELTER                                                                            Plaintiff,

v.

WASP, INC., a Minnesota Corporation,
a/k/a WATKINS AIRCRAFT SUPPORT PRODUCTS, *et al.*                             Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion in Limine of Plaintiff Christopher Kelter, who seeks to exclude the expert testimony and reports of Sal Malguarnera and Randy Gray. (Docket No. 152.) The various Defendants have responded, including Conken Systems, Inc., ("Conken") (Docket No. 155), Designed Conveyor Systems, Inc., ("DCS") (Docket Nos. 156, 165), and FedEx Ground Package System, Inc. ("FedEx") (Docket No. 159). Conken has replied. (Docket No. 168.) Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, Kelter's Motion in Limine, (Docket No. 152), will be DENIED.

### Factual Background

As the Court has recited in its previous Opinions regarding this case, Plaintiff Christopher S. Kelter worked as a package handler at the Paducah, Kentucky, FedEx Ground Package System, Inc. ("FedEx") facility. On April 7, 2011, Kelter worked the "inbound" shift, requiring him to unload packages from tractor trailers and distribute them onto delivery trucks using conveyor belts. At the end of each such shift, a handler checks the machinery to ensure that no packages became stuck along the conveyor belts. (Docket No. 111-1 at 4.) Kelter performed this task on the date at issue; however, the system was not shut down at the time, leaving the conveyor belts operational. Kelter attempted to clear an obstructed package, but tripped and fell while walking across the moving conveyor belt. His arm was

pinned between two rollers located near the P-12 hitch area.[1] The resultant traumatic injury ultimately led to the amputation of Kelter's lower right arm. In this lawsuit, Kelter contends that a number of Defendants should be liable for the system's allegedly defective design, manufacture, and installation.

On October 15, 2013, the Court granted Conken's Motion for Extension of Expert Witness Deadline. In this Order, the Court directed Conken to file expert witness disclosures "on or before 45 days after the entry of an Order denying each of the dispositive motions filed by Defendants GEMS, DCS, and Conken." (Docket No. 86.) On April 1, 2014, the Court denied all of Conken's dispositive motions in its Amended Scheduling Order. This denial was a housekeeping measure in light of the fact that various depositions remained yet to be taken and would have required numerous and lengthy sur-replies. (Docket No. 137.) Conken and DCS apparently understood the Court's Order to require expert witness disclosures until forty-five days following a denial *on the merits* of their respective Renewed Motions for Summary Judgment. (Docket No. 156 at 4.) However, Kelter contends that Conken's expert witness disclosures elapsed on May 19, 2014.

Conken explains that its expert disclosure was delayed due to its need to depose Trey Curtain, FedEx's project engineer. Although the parties originally planned to depose Curtain on March 7, 2014, the deposition was cancelled upon the filing of third-party impleader claims against FedEx, which needed time to investigate the claims against it. (*See* Docket No. 133.) Curtain was ultimately deposed on May 21, 2014; on approximately July 11, 2014, Conken received the deposition's transcript and forwarded same to its experts. (Docket No. 155 at 2.) Unfortunate personal circumstances befell Gray—including a housefire and two spider bites—and added to the delay of his expert report. (Docket No. 155 at 3.) Conken further notes that the status of discovery could not be determined until Kelter decided to cancel the deposition of Jason Evers, another FedEx employee, on May 29, 2014. (Docket No. 155 at 2.)

---

[1] A hitch is "a conveyor component that allows changes in the slope of a conveyor system. The P-12 hitch changes elevation from a level conveyor to one going 'uphill.'" (Docket No. 111-1 at 4-5.)

The Court acknowledges these misunderstandings and its own lack of clarity. It is clear that any late filings result not from obstructionism, but from mere miscommunication. The docket reflects the effort of all parties to maintain progress on this case; the Court perceives no bad faith at hand.

Kelter also attacks the substance of Conken's disclosure. Although Conken filed a document entitled "Conken Systems, Inc.'s Expert Witness Disclosures" on March 26, 2014, (Docket No. 134), Kelter contends that this document fails to satisfy Rule 26. According to Kelter, the allegedly faulty report simply provided the names of Malguarnera, an engineer, and Gray, a former OSHA compliance officer, and offered conclusory statements but disclosed no "significant data." (Docket No. 152 at 7.) Kelter also complains that this report offered no information that would qualify either Malguarnera or Gray as an expert to testify about the system's design or manufacture.

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose their witnesses to be used at trial and, if the witness is an expert, to provide a written report that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). Such a report must reflect a detailed and complete statement of the expert's anticipated testimony on direct examination. Fed. R. Civ. P. Advisory Committee Note to 1993 amendment. If a party's expert fails to disclose such information without substantial justification, Federal Rule of Civil Procedure 37(c)(1) provides that the party "shall not, unless such failure is harmless, be permitted to use [such information] as evidence at a trial." Fed. R. Civ. P. 37(c)(1). However, the Court may permit the introduction of such evidence if the failure "was substantially justified or is harmless." *Id.*

Such an exception is appropriate here, as Kelter received sufficient notice of the substance of the experts' opinions in Conken's disclosure. The disclosure explains Malguarnera's position that the system was not defective due to an unguarded P-12 hitch; that the hitch was guarded by location; and that Kelter was adequately warned of the dangers of improper use. Similarly, the disclosure advised that Gray opined that the absence of a guard did not render the system defective; that the hitch was guarded by

location; and that the system satisfied state and federal occupational safety requirements. The disclosure also sets forth the materials upon each expert relied in forming their opinions. (*See* Docket No. 134.)

The Court need not preclude the expert testimony at issue, as Kelter has been made aware of both the experts' identities and opinions. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783 (6th Cir. 2003) (characterizing as "relatively harmless" and declining to levy sanctions for failures to disclose when counsel "knew who was going to testify and to what they were going to testify.").

Furthermore, "while the motive or culpability of the party that failed to make the disclosure may have some bearing on a determination of harmlessness, the more significant factor is whether the omission caused other parties to suffer prejudice . . . ." *Daughtery v. Chubb Grp. of Ins. Cos.*, 2011 WL 5525738 at *4 (W.D. Ky. 2011) (quoting 37 Moore's Federal Practice § 37.63) (Matthew Bender, 3d ed.)). It does not appear that Kelter will be prejudiced by the delayed reports of Malguarnera and Gray. This case is set for trial on December 8, 2014, leaving Kelter with sufficient time to depose Gray and Malguarnera; should scheduling concerns prohibit Kelter from taking such depositions, the Court will amend the schedule as needed.

However, the information contained in the experts' reports is certainly not exhaustive. It reflects a very general recitation of opinions and information and obviously was prepared by counsel. A deposition is necessary to flesh out the details of the experts' opinions and qualifications. The Court orders that the costs of the expert must be paid by Conken. Each party shall bear its own attorney fees and deposition costs.

## **CONCLUSION AND ORDER**

Accordingly, Kelter having moved the Court to exclude the testimony of Conken's experts; Conken, DCS, and FedEx having objected to same; and the Court now being otherwise sufficiently advised, IT IS HEREBY ORDERED that Kelter's Motion in Limine, (Docket No. 152), is DENIED.