UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00053

CHRISTOPHER S. KELTER                                                                  Plaintiff,

v.

WASP, INC., a Minnesota Corporation,
a/k/a WATKINS AIRCRAFT SUPPORT PRODUCTS, *et al.*                       Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the Motion in Limine of Plaintiff Christopher Kelter, who seeks to exclude the expert testimony and reports of Ralph L. Barnett. (Docket No. 160.) The various Defendants have responded, including Designed Conveyor Systems, Inc., ("DCS") (Docket No. 165); FedEx Ground Package System, Inc. ("FedEx") (Docket No. 166); and Conken Systems, Inc. ("Conken") (Docket No. 167). Fully briefed, this matter is ripe for adjudication. For the reasons explained below, the Court will DENY Kelter's Motion. (Docket No. 160.)

As the Court has recited in its previous Opinions regarding this case, Plaintiff Christopher S. Kelter worked as a package handler at the Paducah, Kentucky, FedEx Ground Package System, Inc. ("FedEx") facility. On April 7, 2011, Kelter worked the "inbound" shift, requiring him to unload packages from tractor trailers and distribute them onto delivery trucks using conveyor belts. At the end of each such shift, a handler checks the machinery to ensure that no packages became stuck along the conveyor belts. (Docket No. 111-1 at 4.) Kelter performed this task on the date at issue; however, the system was not shut down at the time, leaving the conveyor belts operational. Kelter attempted to clear an obstructed package, but tripped and fell while walking across the moving conveyor belt. His arm` was pinned between two rollers

1

located near the P-12 hitch area.[1] The resultant traumatic injury ultimately led to the amputation of Kelter's lower right arm. In this lawsuit, Kelter contends that a number of Defendants should be liable for the system's allegedly defective design, manufacture, and installation.

On October 15, 2013, the Court granted DCS's Motion for Extension of Expert Witness Deadlines. (Docket No. 86.) In this Order, the Court directed Conken to file expert witness disclosures "on or before 45 days after the entry of an Order denying each of the dispositive motions filed by Defendants GEMS, DCS, and Conken." (Docket No. 86.) On April 1, 2014, the Court denied all of DCS's dispositive motions in its Amended Scheduling Order. This denial was a housekeeping measure in light of the fact that various depositions remained yet to be taken and would have required numerous and lengthy sur-replies. (Docket No. 137.) On May 12, 2014, seven days prior to the deadline, DCS filed its expert witness disclosure. (Docket No. 143.)

Kelter alleges that the disclosure at issue is insufficient pursuant to Federal Rules of Civil Procedure 26, rendering it inadmissible under Rule 37. Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose their witnesses to be used at trial and, if the witness is an expert, to provide a written report that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). Such a report must reflect a detailed and complete statement of the expert's anticipated testimony on direct examination. Fed. R. Civ. P. Advisory Committee Note to 1993 amendment. If a party's expert fails to disclose such information without substantial justification, Federal Rule of Civil Procedure 37(c)(1) provides that the party "shall not, unless such failure is harmless, be permitted to use [such information] as evidence at a trial." Fed. R. Civ. P. 37(c)(1). However, the Court may permit the introduction of such evidence if the failure "was substantially justified or is harmless." *Id.*

Although Kelter does not allege that DCS's disclosure was untimely, he suggests that it edged too close to the May 19 deadline. (Docket No. 160 at 7.) As stated in the Court's prior Order concerning expert witness reports, any confusion regarding the appropriate filing of such disclosures resulted not from obstructionism, but from mere miscommunication. The Court

---

[1] A hitch is "a conveyor component that allows changes in the slope of a conveyor system. The P-12 hitch changes elevation from a level conveyor to one going 'uphill.'" (Docket No. 111-1 at 4-5.)

perceives no bad faith at hand and acknowledges the efforts of all parties to maintain the progress of this litigation. Moreover, Kelter notes that the deadline for filing a *Daubert* motion objecting to the admissibility of Barnett's opinions has elapsed. (Docket No. 160 at 9.) DCS has indicated that it would not object to the filing of such a motion should Kelter so choose, the deadline notwithstanding. (Docket No. 165 at 6-7.) The Court will permit Kelter to file a *Daubert* motion to exclude Barnett's testimony.

The disclosure's substance, of course, presents a different matter. DCS's expert disclosure identifies its expert witness, Professor Ralph R. Barnett, and attaches his forty-seven page C.V. To the extent that it provides information concerning Barnett's opinions, the report summarily explains:

> Prof. Barnett will testify that the P12 portion of the system where Plaintiff was injured did not require a guard because it was guarded by location. Moreover, an injury of the kind which Plaintiff suffered on the P12 portion of the conveyor system was not reasonably foreseeable.

(Docket No. 143 at 1.) The two-paragraph report concludes by noting that the report will be supplemented as discovery progresses and will include a full statement of his opinions. (Docket No. 143 at 1.) The Court notes that the information contained in Barnett's initial report, filed on May 12, 2014, was far from exhaustive. It reflects only the broadest contours of Barnett's opinion and was obviously prepared by counsel. However, DCS supplemented this disclosure on September 2, 2014, with a completed twenty-six page expert report that included a comprehensive statement of Barnett's opinions. (Docket No. 164.)

As the Court held in its previous Order, (Docket No. 180), Kelter was made sufficiently aware of this expert's identity and, broadly, his opinion and conclusions. *See Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 783 (6th Cir. 2003) (characterizing as "relatively harmless" and declining to levy sanctions for failures to disclose when counsel "knew who was going to testify and to what they were going to testify."). Moreover, it does not appear that Kelter will be prejudiced by the delayed supplement to Barnett's report. The case is set for trial on December 8, 2014, leaving Kelter with sufficient time to depose Barnett. DCS indicates that Barnett, a Chicago resident, will be available for deposition in Paducah, Kentucky, on

October 9, 10, 20, 21, or 23. (Docket No. 165 at 6.) Again, should scheduling concerns prohibit Kelter from taking this deposition, the Court will amend the case's schedule as needed, including the filing of *Daubert* motions.

## **CONCLUSION AND ORDER**

Accordingly, Kelter having moved the Court to exclude the testimony of DCS's expert; Conken, DCS, and FedEx having objected to same; and the Court now being otherwise sufficiently advised, IT IS HEREBY ORDERED that Kelter's Motion in Limine, (Docket No. 160), is DENIED.